United States District Court

For the Northern District of California

1

2

3

4

5

6 IN THE UNITED STATES DISTRICT COURT

7

8 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 VINCENT SOTO MARQUEZ,                          No. C 13-2525 WHA (PR)

11              Petitioner,                        **ORDER TO SHOW CAUSE**;
                                                   **GRANTING LEAVE TO PROCEED**
12    v.                                           **IN FORMA PAUPERIS**

13 H. LACKNER,
                                                   (Dkt. 2)
14              Respondent.
                                     /
15

16                          **INTRODUCTION**

17        Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus

18 pursuant to 28 U.S.C. 2254.  For the reasons discussed below, respondent is ordered to show

19 cause why the petition should not be granted.  Petitioner is also granted leave to proceed in

20 forma pauperis.

21                           **STATEMENT**

22        Petitioner was convicted in Santa Cruz County of first-degree burglary and receiving

23 stolen property.  He was also found to have suffered prior convictions.  The trial court

24 sentenced him to a term of 44 years in state prison.  The judgment was affirmed by the

25 California Court of Appeal and the California Supreme Court denied the petition for review in

26 2012.  Petitioner's habeas petitions were denied in all three levels of the California courts.

27 *//*

28

**United States District Court**
For the Northern District of California

1   **ANALYSIS**

2   **A.   STANDARD OF REVIEW**

3       This court may entertain a petition for writ of habeas corpus "in behalf of a person in

4   custody pursuant to the judgment of a State court only on the ground that he is in custody in

5   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose*

6   *v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

7   requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ

8   of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

9   court must "specify all the grounds for relief which are available to the petitioner ... and shall

10  set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of

11  the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not

12  sufficient, for the petition is expected to state facts that point to a 'real possibility of

13  constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d

14  688, 689 (1st Cir. 1970)).

15  **B.   LEGAL CLAIMS**

16      Petitioner claims: (1) the removal of Hispanic jurors violated his rights under the Equal

17  Protection Clause; (2) the trial court erroneously admitted evidence of his prior residential

18  burglary; (3) the victim's identification of petitioner was tainted by suggestive remarks by the

19  trial court; (4) the trial court's denial of his motion to substitute counsel led to his "defective"

20  request for self-representation, which all resulted in a violation of his Sixth Amendment right to

21  the effective assistance of counsel at trial; (5) his right to due process was violated because the

22  trial judge was not fair and impartial; (6) he did not receive effective assistance of counsel on

23  appeal; and (7) the cumulative prejudice from the foregoing errors violated rendered the trial

24  fundamentally unfair in violation of due process. When liberally construed, these claims are

25  sufficient to warrant an answer from respondent.

26  **CONCLUSION**

27      1. The clerk shall mail a copy of this order and the petition with all attachments to the

28  respondent and the respondent's attorney, the Attorney General of the State of California. The

2

1   clerk shall also serve a copy of this order on the petitioner.

2       2. Respondent shall file with the court and serve on petitioner, within ninety-one days

3   of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

4   Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

5   granted based on the claims found cognizable herein.  Respondent shall file with the answer and

6   serve on petitioner a copy of all portions of the state trial record that have been transcribed

7   previously and that are relevant to a determination of the issues presented by the petition.

8       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

9   court and serving it on respondent within twenty-eight days of the date the answer is filed.

10      3. Respondent may file, within ninety-one days, a motion to dismiss on procedural

11  grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the

12  Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file

13  with the court and serve on respondent an opposition or statement of non-opposition within

14  twenty-eight days of the date the motion is filed, and respondent shall file with the court and

15  serve on petitioner a reply within fourteen days of the date any opposition is filed.

16      4. Petitioner is reminded that all communications with the court must be served on

17  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must

18  keep the court informed of any change of address and must comply with the court's orders in a

19  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

20  pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772

21  (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

22      5. The application to proceed in forma pauperis (dkt. 2) is **GRANTED**.

23      **IT IS SO ORDERED.**

25  Dated: June __29__, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

3