IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SOTO MARQUEZ,<br><br>　　　　Petitioner,<br><br>　v.<br><br>H. LACKNER,<br><br>　　　　Respondent. | No. C 13-2525 WHA (PR)<br><br>**ORDER TO SHOW CAUSE**;<br>**GRANTING LEAVE TO PROCEED**<br>**IN FORMA PAUPERIS**<br><br>(Dkt. 2) |

## INTRODUCTION

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. For the reasons discussed below, respondent is ordered to show cause why the petition should not be granted. Petitioner is also granted leave to proceed in forma pauperis.

## STATEMENT

Petitioner was convicted in Santa Cruz County of first-degree burglary and receiving stolen property. He was also found to have suffered prior convictions. The trial court sentenced him to a term of 44 years in state prison. The judgment was affirmed by the California Court of Appeal and the California Supreme Court denied the petition for review in 2012. Petitioner's habeas petitions were denied in all three levels of the California courts.

//

**ANALYSIS**

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.   LEGAL CLAIMS**

Petitioner claims: (1) the removal of Hispanic jurors violated his rights under the Equal Protection Clause; (2) the trial court erroneously admitted evidence of his prior residential burglary; (3) the victim's identification of petitioner was tainted by suggestive remarks by the trial court; (4) the trial court's denial of his motion to substitute counsel led to his "defective" request for self-representation, which all resulted in a violation of his Sixth Amendment right to the effective assistance of counsel at trial; (5) his right to due process was violated because the trial judge was not fair and impartial; (6) he did not receive effective assistance of counsel on appeal; and (7) the cumulative prejudice from the foregoing errors violated rendered the trial fundamentally unfair in violation of due process.  When liberally construed, these claims are sufficient to warrant an answer from respondent.

**CONCLUSION**

1.  The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.  The

1  clerk shall also serve a copy of this order on the petitioner.

2      2. Respondent shall file with the court and serve on petitioner, within ninety-one days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight days of the date the answer is filed.

    3. Respondent may file, within ninety-one days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fourteen days of the date any opposition is filed.

    4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

    5. The application to proceed in forma pauperis (dkt. 2) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June __29__, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3